# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Najashi-Tekenu Shabazz-El Bey,

    Plaintiff,                                       Case No. 1:18cv81

    v.                                                Judge Michael R. Barrett

Gwen Bender,

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's March 27, 2018 Report and Recommendation ("R&R"). (Doc. 7).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections. (Doc. 8).

This Court must conduct a *de novo* review of those portions of a magistrate judge's R&R or specified proposed findings or recommendations to which objection is made. 28 U.S.C.A. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 based on violations of his

First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (Doc. 6). Plaintiff alleges that Defendant Judge Gwen Bender brought Plaintiff into her courtroom for traffic code violations. (Id.) Plaintiff alleges that during those proceedings, Judge Bender was told Plaintiff would not participate in the proceedings. (Id.) Plaintiff alleges that Judge Bender responded: "so Mr. Shabazz is not here." (Id.) Plaintiff states that Judge Bender then entered a plea on his behalf, ordered a $10,000 arrest capias for Plaintiff, and then sent Plaintiff back to jail with no issues pending. (Id. at 7). Plaintiff claims "Defendant's rogue actions violated [(i)] Plaintiff's right to be free from conclusive presumption and compelled association under First Amendment...[(ii)] Plaintiff's Fourth Amendment right to be free from false arrest and false imprisonment, and [(iii)] Plaintiff's right to due process under 5th and 14th Amendments and [(iv)] Plaintiff's 6th Amendment right to present self." (Id.)

On March 27, 2018, the Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis*.[1] (Doc. 3).

The Magistrate Judge also reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge recommended that Plaintiff's complaint should be dismissed with prejudice. The Magistrate Judge explained that to the extent that Plaintiff challenges the legality of his custody or is seeking release from custody, that claim must be pursued through a writ of habeas corpus and is not properly brought as a civil right claims under § 1983. The Magistrate Judge explained that as to the remaining claims, judges are provided absolute immunity for any claims based upon acts committed while functioning within their judicial capacity.

---

[1] When Plaintiff initiated these proceedings, he was a prisoner at the Hamilton County Justice Center. However, when Plaintiff filed his motion to proceed *in forma pauperis*, he included his home address on the motion.

Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) Plaintiff argues that the Magistrate Judge erroneously construed the motion to proceed *in forma pauperis* because he only asked that he be allowed to pay the fees and costs on a payment plan; (2) Plaintiff argues that he is permitted to sue Defendant under §1983 because Defendant was not sued "in [her] officialship" and because Defendant was not acting in her capacity as a judge; (3) Plaintiff argues that whether Defendant was acting in her capacity as a judge is a question to be determined by a jury; and (4) Plaintiff asserts he is not challenging the legality of his prior custody.

Partial payments of filing fees are only available to prisoners proceeding *in forma pauperis*. The *in forma pauperis* statute provides:

> Notwithstanding subsection (a), if a *prisoner* brings a civil action or files an appeal in forma pauperis, the *prisoner* shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law.

28 U.S.C. § 1915(b)(1) (emphasis added). A "prisoner" is defined as: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). While Plaintiff filed his complaint as a prisoner, when he filed his motion to proceed *in forma pauperis* (Doc. 3) in response to the Magistrate Judge's Deficiency Order (Doc. 2), his home address was listed. Because Plaintiff is not a prisoner proceeding *in forma pauperis*, a payment plan for filing fees is not available to him.

A plaintiff proceeding *in forma pauperis* shall have their action dismissed for frivolousness, or if their pleading fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(1) and (ii). The Magistrate Judge concluded that Plaintiff failed to state a claim because Judge

3

Bender is entitled to absolute immunity. As the Sixth Circuit has explained:

> Judges are absolutely immune from § 1983 suits arising out of their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). As the United States Supreme Court has observed, "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Id.* at 554, 87 S.Ct. 1213. As such, judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity: a judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction. *Id.*

*Huffer v. Bogen*, 503 F. App'x 455, 458–59 (6th Cir. 2012). Plaintiff's claims are based upon two acts of Judge Bender: (1) Judge Bender improperly entered a plea on his behalf; and (2) Judge Bender improperly returned him to jail with no charges pending against him.

The public record of Plaintiff's criminal proceedings show that on January 22, 2018, Judge Bender issued a capias with a bond amount. *State v. Shabazz*, No. C/18/CRB/1492, (Hamilton Co. Mun. Ct.). On January 23, 2018, Judge Bender entered a plea of "not guilty" on Plaintiff's behalf after he refused to speak. These acts are clearly judicial in nature. *See* Ohio R. Crim. P. 11(A) ("If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant."); *Flinn v. Corbitt*, No. 3:07-CV-402, 2008 WL 2388129, at *2 (E.D. Tenn. June 9, 2008) (issuing capiases is judicial act). Plaintiff has not challenged Judge Bender's jurisdiction to perform these acts. Therefore, Judge Bender is absolutely immune from the § 1983 claims Plaintiff has brought against her.

Based on the foregoing, Plaintiff's objections are **OVERRULED**. Accordingly, the

4

Magistrate Judge's March 27, 2018 R&R (Doc. 7) is **ADOPTED**. It is hereby **ORDERED** that this action be **DISMISSED with PREJUDICE** for failure to state a claim for relief. Pursuant to 28 U.S.C. § 1915(a) an appeal of this Order would not be taken in good faith; and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

  **IT IS SO ORDERED.**

                */s/ Michael R. Barrett*
                JUDGE MICHAEL R. BARRETT